OPINION
Appellant, Patricia Kay Hall, and appellee, Gary Thomas Hall, began cohabitating in 1976. The parties married on August 1, 1991. Four children were born as issue from this union, Donald born October 29, 1980, twins Kimberly and Kevin born April 11, 1989, and Ryan born December 8, 1992.
On March 29, 1995, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on April 1, 1995. A final hearing was held on May 29, 1996. By findings of fact and judgment entry filed January 31, 1997, the trial court granted the divorce, granted custody of the children to appellant, set child and spousal support and allocated the parties' property and debt.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS A MATTER OF LAW BY GRANTING THE FEDERAL TAX DEPENDENCY EXEMPTION DEDUCTION TO THE NONCUSTODIAL PARENT CONTRARY TO OHIO LAW AND U.S. CODE TITLE 26, SECTION 512 (e).
II
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AT LAW WHEN IT AWARDED SPOUSAL SUPPORT TO THE PLAINTIFF WHICH IT CONSIDERED INSUFFICIENT.
III
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AT LAW WHEN IT INEQUITABLY DIVIDED THE MARITAL PROPERTY.
 I
Appellant claims the trial court erred in awarding the federal tax dependency exemption to appellee without a finding as required by Singer v. Dickinson (1992), 63 Ohio St.3d 408. We agree.
Paragraph three of the Singer syllabus implies a trial court must do an in depth analysis on a case-by-case basis to determine if the award of the federal tax dependency exemption would be in the best interest of the children:
 3. In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates.
No such analysis is presented sub judice. The matter is remanded to the trial court to make findings per Singer.
Assignment of Error I is granted.
 II
Appellant claims the trial court's award of spousal support is insufficient. We disagree.
The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case.Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We are further guided by the language of Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
The trial court ordered spousal support in the amount of $200 per month for sixty months. The trial court made this order subject to its continuing jurisdiction and further found as follows:
 The Court finds that the spousal support order in this case is not sufficient to meet the needs of the Plaintiff. Therefore, if the Plaintiff obtains a monthly gross income (from sources other than child support and spousal support) totaling $800.00 or less, that circumstance, in and of itself, shall not constitute a substantial change in circumstance sufficient to modify the spousal support order.
The trial court also ordered appellee to pay $269.25 per month per child, 100% of any remaining medical expenses after the first $100 per calendar year per child which is to be paid by appellant, $75 per month for a life insurance policy naming appellant as beneficiary and $478.00 per month plus insurance for appellant's van, all on an income of $47,953.
Upon review, we find no abuse of discretion given the trial court's orders and the retention of continuing jurisdiction over the spousal support award.
Assignment of Error II is denied.
 III
Appellant claims the trial court inequitably divided the marital property. We agree in part.
R.C. 3105.171(G) requires a trial court to set forth "written findings of fact that support the determination that the marital property has been equitably divided." Upon review, we find no error in the trial court's division of property save for two unaddressed items the trial court determined to be marital property, the Republic Engineered Defined Contribution Plan ($16,739) and the loss of consortium claim ($2,000).
The trial court properly awarded each party their respective pension plans (Republic Storage to appellant and Republic Engineered Defined Benefit Plan to appellee), but neglected to divide the Republic Engineered Defined Contribution Plan. The trial court needs to divide this asset between the parties per its marital property finding or deem the asset appellee's separate property.
As for the consortium claim, the trial court found $2,000 of appellant's workers' compensation claim was assignable as consortium, but failed to award such to appellee in its judgment entry. Instead, the trial court awarded "the entire proceeds from her workers compensation claim and/or lawsuit" to appellant.
We remand these two items to the trial court for determination.
Assignment of Error III is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed in part, reversed in part and remanded.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00067
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed in part, reversed in part and remanded on the limited issues of a federal tax dependency exemption finding ala Singer v. Dickinson (1992), 63 Ohio St.3d 48, and determinations on the Republic Engineered Defined Contribution Plan and consortium claim. Costs to appellee.